IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02598-PAB-BNB

RONNIE WATKINS, surviving spouse,
MADELINE WATKINS,
LANDON WATKINS, and
MICHAELA WATKINS, surviving minor children by and through their father, Ronnie Watkins,

Plaintiffs,

v.

ACTION CARE AMBULANCE, INC., a Colorado corporation,
UHS OF DENVER, INC., a foreign corporation, d/b/a Highlands Behavioral Health System, and
MARY BRAUD, M.D.,

Defendants.
_____

**ORDER**
_____

This matter arises on the plaintiffs' **Motion for Protective Order** [Doc. # 86, filed 2/4/2009]. I held a hearing on the matter this morning and made rulings on the record, which are incorporated here. The Motion for Protective Order is GRANTED in part.

The defendants intend to depose John Odom, the father of Mellissa Watkins. Ms. Watkins committed suicide by jumping out of an ambulance while being transported from one health care facility to another, and the plaintiffs' claims allege negligence by the defendants in connection with that transportation and related treatment. The plaintiffs seek to preclude the questioning of Mr. Odom at his deposition concerning Mr. Odom's "alcohol abuse or verbal or physical abuse" in the Odom home approximately 18 years ago.

Although discovery may be broad ranging, its scope is not boundless. Here, the defendants were unable to articulate any reasonable relevance of the alleged alcoholism and verbal or physical abuse of 18 years ago to the issues in this case, and I can conceive of none. The assertion that Mr. Odom's alcoholism and abuse may have a genetic cause which could be relevant to his daughter's employability, and thus to the lost wage claim, is too remote and speculative to justify the inquiry sought here.

I find that events occurring approximately 18 years ago relating to Mr. Odom's conduct in Ms. Watkins' childhood home has no relevance to the issues presented in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence. This is particularly true in view of the plaintiffs' stipulation, made in open court today, that they will not call Mr. Odom as a witness in this case for any purpose.

Whether Mr. Odom currently is an alcoholic or otherwise uses or abuses alcohol may be relevant to issues in the case, however, including his credibility and ability to observe. Consequently, I will allow inquiry into Mr. Odom's use of alcohol from January 1, 2005, onward.

IT IS ORDERED that the Motion for Protective Order is GRANTED to preclude inquiry into matters concerning Mr. Odom's use of alcohol prior to January 1, 2005, and concerning alleged verbal or physical abuse by Mr. Odom in Ms. Watkins' childhood home.

Dated February 17, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge