IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02598-PAB-BNB

RONNIE WATKINS, surviving spouse,
MADELINE WATKINS,
LANDON WATKINS, and
MICHAELA WATKINS, surviving minor children by and through their father, Ronnie Watkins,

Plaintiffs,

v.

ACTION CARE AMBULANCE, INC., a Colorado corporation,

Defendant.
_____

**ORDER**
_____

This matter arises on the following:

(1)    **Defendant Action Care Ambulance, Inc.'s Unopposed Motion to Amend Witness and Exhibit List** [Doc. # 138, filed 10/19/2009] (the "Defendant's Motion");

(2)    **Plaintiffs Unopposed Motion to Amend Witness and Exhibit List** [Doc. # 141, filed 10/19/2009] (the "Plaintiffs' First Motion"); and

(3)    **Plaintiffs Unopposed Motion to Amend Witness and Exhibit List** [Doc. # 146, filed 10/20/2009] (the "Plaintiffs' Second Motion"), which is a duplicate of Plaintiffs' First Motion.

Also pending are **Plaintiffs Objections to Defendants Trial Exhibits** [Doc. # 137, filed 10/19/2009] and **Defendant Action Care Ambulance, Inc.'s Objections to Plaintiffs' Trial Exhibits** [Doc. # 139, filed 10/19/2009].

I held a final pretrial conference in this case on September 10, 2009, and entered a Final Pretrial Order [Doc. # 126].  The Final Pretrial Order included Plaintiffs Non-Expert Witness List; Defendant Action Care Ambulance's Witness List; and Plaintiffs Expert Witness List, which were accepted and made a part of the Final Pretrial Order.  Final Pretrial Order [Doc. # 126] at pp. 18-26.[1]  I did not accept the parties' proposed exhibit lists, however, and the Final Pretrial Order states:  "The parties shall submit revised exhibit lists by October 5, 2009.  The exhibit lists submitted with this proposed final pretrial order were refused."  Id. at p. 14.  I explained the reason for requiring revised exhibit lists as follows:

> . . . I am going to require that you submit revised exhibit lists with the following changes.  First, I require that every page of every exhibit be Bates numbered and the beginning and ending Bates numbers of each exhibit be reported on the exhibit list. . . .
>
> I require Bates numbers for two reasons.  First of all, it's not at all unusual for long documents not to be numbered.  I don't know why that's true, but it's true, and then what happens at trial is you have a witness up, you say to go, oh, about two-thirds of the way through [to] the page that begins with the word "the."  Trial judges get impatient with that.  In addition, it's also not unusual to have a lawyer stand up, offer an exhibit into evidence, the other side stand up and say, well, I saw the first ten pages of this exhibit, but I've never seen the remaining eight pages.  How's the district judge to know whether the exhibit was fully disclosed?  Bates numbers solve that problem.

Transcript of Proceedings [Doc. # 148] at pp. 19-20.

The Final Pretrial Order also required the parties to file and serve the objections contemplated by Fed. R. Civ. P. 26(a)(3) no later than October 19, 2009.

---

[1] Page references are to those assigned by the court's CM/ECF system.

Thereafter, the parties made the following filings:

    (a)   Plaintiffs Amended Non-Expert Witness List [Doc. # 130, filed 10/5/2009];

    (b)   Exhibit List of: Defendant Action Care Ambulance, Inc. [Doc. # 132, filed 10/5/2009], without Bates numbers;

    (c)   Defendant Action Care Ambulance, Inc. Witness List [Doc. # 133, filed 10/5/2009];

    (d)   Plaintiffs Amended Exhibit List [Doc. # 134, filed 10/5/2009], with Bates numbers;

    (e)   Plaintiffs Second Amended Exhibit List [Doc. # 135, filed 10/19/2009]; and

    (f)   Plaintiffs Second Amended Non-Expert Witness List [Doc. # 136, filed 10/19/2009].

Only Plaintiffs Amended Exhibit List [Doc. # 134] complies with the requirements of the Final Pretrial Order.  I did not authorize the filing of revised witness lists; or authorize the filing of revised exhibit lists after October 5, 2009; and Action Care's Exhibit List [Doc. # 132], although filed within the time allowed, does not report Bates numbers.

I held a hearing this morning to discuss with counsel their ability to file **final** witness and exhibit lists.  They assured me that they can do so by October 30, 2009.  Adequate time exists to allow late modifications to the witness and exhibit lists because trial of the case is set for September 2010.

IT IS ORDERED that the parties shall file their final witness lists and final exhibit lists (with reported Bates numbers) on or before **October 30, 2009**.  Thereafter, the witness lists and exhibit lists may be amended only upon motion and order of the court as necessary to avoid manifest injustice.

3

IT IS FURTHER ORDERED that copies of the exhibits enumerated on the final exhibit lists shall be provided to opposing counsel no later than **October 30, 2009**.

IT IS FURTHER ORDERED that the objections contemplated by Fed. R. Civ. P. 26(a)(3) to the final exhibits shall be filed with the clerk and served on opposing counsel by hand delivery or facsimile no later that **November 13, 2009**.

IT IS FURTHER ORDERED that **Plaintiffs Objections to Defendants Trial Exhibits** [Doc. # 137] and **Defendant Action Care Ambulance, Inc.'s Objections to Plaintiffs' Trial Exhibits** [Doc. # 139] are DENIED, the parties having withdrawn them in view of this Order.

IT IS FURTHER ORDERED that **Defendant's Motion** [Doc. # 138], **Plaintiffs' First Motion** [Doc. # 141], and **Plaintiffs' Second Motion** [Doc. # 146] are DENIED as moot in view of this Order.

IT IS FURTHER ORDERED that **Plaintiffs Amended Non-Expert Witness List** [Doc. # 130]; **Exhibit List of: Defendant Action Care Ambulance, Inc.** [Doc. # 132]; **Defendant Action Care Ambulance, Inc. Witness List** [Doc. # 133]; **Plaintiffs Amended Exhibit List** [Doc. # 134]; **Plaintiffs Second Amended Exhibit List** [Doc. # 135]; and **Plaintiffs Second Amended Non-Expert Witness List** [Doc. # 136] are STRICKEN.

Dated October 23, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge