IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02598-PAB-BNB

RONNIE WATKINS, surviving spouse,
MADELINE WATKINS,
LANDON WATKINS, and
MICHAELA WATKINS, surviving minor children by and through their father, Ronnie Watkins,

Plaintiffs,

v.

ACTION CARE AMBULANCE, INC., a Colorado corporation,

Defendant.

---

## ORDER

---

This matter arises on the following:

(1)     **Motion for Leave to File Renewal of Plaintiffs' Motion to Strike Defendant's**

**Designation of Nonparties at Fault Based Upon Discovery Completion and Colorado Law**

[Doc. # 154, filed 10/26/2009] (the "Motion to File"); and

(2)     **Plaintiffs' Renewed Motion to Strike Designation of Nonparty at Fault**

**Highlands Behavioral Health System Following Completion of Discovery** [Doc. # 154-2]

(the "Renewed Motion to Strike").

The defendant filed a response captioned *Defendant's Response to Motion for Leave to*

*File Renewal of Plaintiffs' Motion to Strike [etc.]* [Doc. # 166, filed 11/9/2009] (the

"Response"), which purports by its caption to resist the Motion to File. The bulk of the

argument contained in the Response, however, is directed at the propriety of its non-party at fault

designation and is actually a response to the Renewed Motion to Strike.  For the reasons stated below, the Motion to File [Doc. # 154] is GRANTED, and the Renewed Motion to Strike [Doc. # 154-2] is DENIED.

## I.

This action was commenced by the filing of a complaint [Doc. # 1] on December 13, 2007.  The complaint alleges negligence against the defendant, Action Care Ambulance, in connection with its efforts to transport Mellissa Watkins from Parker Adventist Hospital to Centennial Peaks Psychiatric Hospital.

The Renewed Motion to Strike adequately summarizes the underlying facts as follows:

> This is a wrongful death case against Action Care Ambulance Company (ACA) arising out of Melissa Watkins, wife and mother of Plaintiffs, being killed by coming out of the back of Defendant's ambulance while being transported to a mental health hospital on July 8, 2007.  Mrs. Watkins was on an involuntary 72 hour mental health hold after attempting suicide the day before.  Plaintiffs claim that Defendant's ambulance attendants were negligent in failing to adequately supervise Mrs. Watkins.
>
> Mrs. Watkins had been an inpatient at Highlands from June 20-29, 2007, and an outpatient from July 1-6, 2007.  On March 18, 2008 Defendant filed a Designation of Nonparties at Fault.  It claimed that "employees and/or agents" of Highlands, a mental hospital, were negligent because they did not pass on information to Defendant's ambulance attendants regarding a statement made by Mrs. Watkins during a prior admission at Highlands.  Neither the individuals alleged to have been negligent nor their respective profession were identified in this Designation.

Renewed Motion to Strike [Doc. # 154-2] at pp. 3-4.

More precisely, the non-party at fault designation asserted that Highlands Behavioral Health System ("Highlands") was wholly or partially at fault for the plaintiffs' damages based on the following:

2

> In the weeks and months prior to her death Melissa Watkins was
> an inpatient at Highlands Behavioral System, with her most recent
> admission being from June 20, 2007 to June 29, 2007.  According
> to Melissa Watkins' medical records from this admission, provided
> to Defendant Action Care Ambulance after plaintiffs filed this
> lawsuit, Melissa Watkins expressed the plan to commit suicide by
> jumping out of a car.  At no time prior to Melissa Watkins' death
> was this information conveyed to Defendant Action Care
> Ambulance.

Defendant Action Care Ambulance's C.R.S. § 13-21-111.5 Designation of Non-Parties at Fault

[Doc. # 15, filed 3/18/2008] (the "Non-Party at Fault Designation").

Colorado has enacted section 13-21-111.5, C.R.S., a pro rata liability statute, which is

"intended to cure the perceived inequity under the common law concept of joint and several

liability whereby wrongdoers could be held fully responsible for a plaintiff's entire loss, despite

the fact that another wrongdoer, who was not held accountable, contributed to the loss." Barton

v. Adams Rental, Inc., 938 P.2d 532, 535 (Colo. 1997).  Under the statute, a defendant may

designate non-parties at fault, and the jury may consider those non-parties when apportioning

liability.  Id.

The statutory requirements of a non-party designation are set out at section 13-21-

111.5(c)(2), C.R.S, as follows:

> Negligence or fault of a nonparty may be considered if the
> claimant entered into a settlement agreement with the nonparty or
> if the defending party gives notice that a nonparty was wholly or
> partially at fault within ninety days following commencement of
> the action unless the court determines that a longer period is
> necessary.  The notice shall be given by filing a pleading in the
> action designating such nonparty and setting forth such nonparty's
> name and last known address, or the best identification of such
> nonparty which is possible under the circumstances, together with
> a brief statement of the basis for believing such nonparty to be at
> fault. . . .  If the designated nonparty is a licensed health care
> professional and the defendant designating such nonparty alleges

3

professional negligence by such nonparty, the requirements and
procedures of section 13-20-602 shall apply.

Plaintiffs' Complaint [Doc. # 1] was filed on December 13, 2007.  The defendant answered on January 8, 2008 [Doc. # 5].  A scheduling order was entered on February 28, 2008 [Doc. # 14].  Section 13-21-111.5(c)(2) requires that the non-party designation be filed within 90 days after commencement of the action, which in this case would have been on or before March 12, 2008.  The statute permits a court to allow a longer period, if "necessary."  Id.  In this case, the parties recommended in the Scheduling Order, and on their recommendation I allowed until March 18, 2008, for the filing of the non-party designation.  See Scheduling Order [Doc. # 14, filed 2/28/2008] Part 8(a) at p. 11.  Defendant's non-party at fault designation was timely filed on March 18, 2008.  See Non-Party at Fault Designation [Doc. # 15].

The plaintiffs promptly filed their first Motion to Strike. . . Designation of Non-Parties at Fault [Doc. # 16, filed 4/3/2008] (the "First Motion to Strike").  They made three arguments. First, the plaintiffs argued that designating Highlands was the same as designating licensed health care professionals, and that the defendant was required to execute a certificate of review pursuant to section 13-20-602, C.R.S.[1]  First Motion to Strike [Doc. # 16] at p. 5.  Second, the plaintiffs argued that the defendant's designation of "[e]mployees and/or agents of Highlands Behavioral Health System" did not satisfy the statutory requirement that a non-party at fault designation set forth the "nonparty's name and last known address, or the best identification of

---

[1]Section 13-20-602(3)(a), C.R.S., requires that in connection with an action alleging professional negligence against a licensed professional, a lawyer claiming such negligence must execute a certificate of review declaring that the lawyer "has consulted with a person who has expertise in the area of alleged negligent conduce" and the reviewing expert "has concluded that the filing . . . does not lack substantial justification. . . ."

such nonparty which is possible under the circumstances." Id. at pp. 6-7.  Third, the plaintiffs

argued that the non-party designation failed to allege sufficient facts to "satisfy all the elements

of a negligence claim," citing Redden v. SCI Colorado Funeral Services, Inc., 38 P.3d. 75, 81

(Colo. 2001).

On April 18, 2008, the defendant filed a Certificate of Review [Doc. # 21].  The

certificate stated:

> Counsel for Defendant has consulted with physicians with
> expertise in the areas of the alleged negligent conduct as set forth
> in Plaintiff's Complaint and Defendant's Designation of Non-
> Parties.
>
> The experts who have been consulted have reviewed all known
> facts relevant to the allegations of negligent conduct set forth in
> Plaintiff's Complaint and Defendant's Designation of Non-Parties
> at Fault, including, but not limited to, medical records from
> Highlands Behavioral Health . . . .
>
> Based upon these facts, these experts have concluded the filing of
> the claims against Defendant's designated non-parties at fault does
> not lack substantial justification within the meaning of § 13-17-
> 102(4), C.R.S. . . .

Certificate of Review [Doc. # 21] at ¶¶1-3.

I held a hearing on the First Motion to Strike on April 23, 2008.  See Transcript of

Proceedings [Doc. # 56, filed 7/2/2008] ("Trans.").  At that hearing, the defendant argued that it

had satisfied the requirements of section 13-21-111.5(c)(2) by providing "the best identification

of [the] nonparty which is possible under the circumstances."  In particular, the defendant argued

that it had reviewed the medical records, but that additional discovery was necessary in order to

identify any individuals who may have acted negligently.  Trans. [Doc. # 56] at pp. 18-21.

I denied the First Motion to Strike, ruling:

The motion to strike non-party designation is denied.  In doing that
. . . the plaintiffs present three principal arguments why the
designation is inadequate.  First, that there is no certificate of
review.  But that has been cured by a certificate of review now part
of the Court record.  And the certificate of review has been
provided with plenty of time for discovery to occur and other
matters to take place concerning its adequacy.

Second, the plaintiffs argue that there is an inadequate
identification of the non-parties designated.  The statute does
permit, as everyone acknowledges this morning, that the
designation may be a party's name or the best identification of
such non-party which is possible under the circumstances.  I have
not been given evidence and the record before me is insufficient
for me to conclude that greater specificity was possible.  Now, the
argument is made for the first time this morning that greater
specificity was possible, but I--I simply don't have the benefit of
sufficient evidence or a sufficient record to make that conclusion
today.

Third, there is the argument that the designation is inadequate
because there's an inadequate statement of liability.  But I find
there is a sufficient statement.  The duty to act with reasonable
care in the treatment of a patient is the duty alleged.  A breach of
that duty is specified in that the standard of care wasn't met,
leading to the plaintiff's ability to jump from an ambulance and
resulting in her death. . . .  I find that there is a sufficient statement
of liability.

Trans. [Doc. # 56] at pp. 30-31.

## II.

In the Renewed Motion to Strike, the plaintiffs seek an order striking the defendant's

non-party at fault designation for the following reasons:

(1)  Depositions of at least nine Highland's staff members have been taken.  Renewed

Motion to Strike at pp. 7-9.  As a result of those depositions, the defendant "has no excuse for

failure to specifically identify nonparties alleged to be at fault,"  id. at p. 10;

(2)  The individuals at Highlands who may be responsible as non-parties at fault are health care providers.  Before they may be designated as non-parties at fault, the defendant must obtain and file a certificate of review for each designated non-party in compliance with section 13-20-602, C.R.S., id. at pp. 11-12; and

(3)  The defendant  has designated Dr. Frederick Miller, M.D., a board certified psychiatrist, as its expert witness.  According to Dr. Miller's expert report:

> [P]eople on the staff of Highlands were negligent in failing to take steps to communicate the statement by Mrs. Watkins to Defendant's ambulance attendants.

Id. at pp. 12-13.  However:

> In Dr. Miller's deposition he was asked to identify the individual or individuals who he alleged was or were negligent at Highlands and he testified that he could not do that. . . .  In this deposition, upon questioning, he was able to identify only one person at Highlands he claimed to be negligent, Michelle Lefco, a clinical social worker.  Dr. Miller testified he was not an expert regarding standard of care of a clinical social worker. . . .

Id. at p. 13 (emphasis omitted).

## III.

The Renewed Motion to Strike is properly characterized as a motion to reconsider my earlier ruling on the First Motion to Strike.  There is no federal rule of procedure which expressly authorizes a motion to reconsider.  Rules 59(e) and 60(b), Fed. R. Civ. P., and the court's inherent authority permit a court, in appropriate circumstances, to revisit and revise its rulings if necessary, prior to the entry of final judgment.  Price v. Philpot, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).  The timing of the motion determines whether it should be analyzed under Rule 59(e)--if filed within ten days of the entry of the order--or Rule 60(b)--if filed later than ten

days after the order.  Here, the Renewed Motion to Strike was filed more than ten days after my Order denying the First Motion to Strike, and the Renewed Motion should be analyzed under Rule 60(b).

Rule 60(b) permits a court to reconsider an order due to, among other things, a substantive mistake of law or fact; newly discovered evidence that with reasonable diligence could not have been discovered earlier; or as a result of any other reason that justifies relief. Nevertheless, reconsideration under Rule 60(b) is extraordinary, and may only be granted in exceptional circumstances.  Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1153 (10th Cir. 2007).  Reconsideration is not a tool to rehash previously presented arguments already considered and rejected by the court, nor properly used to present new arguments based on law or facts that existed at the time of the original argument.  FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998); Van Skiver v. United States, 952 F.2d 1241, 1243-44 (10th Cir. 1991).

Reconsideration is appropriate here in view of the extensive discovery taken after my ruling on the First Motion to Strike.  The Renewed Motion to Strike is based on newly discovered evidence, not previously known.

IV.

The defendant made a timely designation of a non-party at fault, which I found to comply

with the requirements of section 13-21-111.5(3)(b), C.R.S.  Order [Doc. # 24] at p. 1; Trans.

[Doc. # 56] at pp. 30-31.

An important purpose of the non-party at fault statute, and its relatively short deadline of

90 days within which to make the designation, is to allow the plaintiff "to respond to the

designation by amending its complaint to add the designated party as a defendant or [take]

whatever steps it deems appropriate."  Thompson v. Colorado and Eastern  Railroad Co., 852

P.2d  1328, 1329 (Colo. App. 1993).  As this court noted in FDIC v. Isham, 782 F. Supp. 524 (D.

Colo. 1992):

> [A] designation of non-parties must give a plaintiff sufficient
> notice of the non-parties' conduct so that plaintiff can prepare to
> address it.  At the very least, the designation must set forth facts
> sufficient to permit a plaintiff to identify the transaction or
> occurrence which purportedly leads to the nonparty's fault.

Id. at p. 530 (internal citations omitted).  The name of the specific non-party is not necessarily

required by the non-party at fault statute, however.  Id.; Pedge v. RM Holdings, Inc., 75 P.3d

1126, 1128 (Colo. App. 2002).

That purpose was fully satisfied here by the defendant's non-party at fault designation.

In fact, the plaintiffs acknowledge:

> On June 6, 2008, in response to the Defendant's Designation,
> Plaintiffs joined Highlands as a party Defendant.  Following many
> depositions of Highlands' employees and physicians involved in
> the care of Mrs. Watkins at Highlands, Plaintiffs determined that
> no employee at Highlands had been negligent regarding the
> statement referred to in Defendant's Designation and dismissed
> Highlands from the case with prejudice.

Renewed Motion to Strike at p. 4 (emphasis added).

9

The language of section 13-21-111.5(3)(b), C.R.S., imposes no duty to supplement the non-party designation during the course of the litigation, and the parties have not directed me to any authority imposing such a duty.  The defendant made its designation; I held that the designation was the best identification of the non-party available under the circumstances; the defendant has made no effort to amend or supplement its non-party designation; and it is bound by it.  The plaintiffs, meanwhile, had adequate notice of the non-party the defendant claims should bear some or all of the fault for the plaintiffs' damages; were afforded adequate time to respond to the designation by amending their complaint to add the designated party as a defendant or to take whatever steps they deemed appropriate; and took those steps, first by adding Highlands as a defendant, then by conducting an investigation of Highlands, and finally by concluding that the defendant is wrong and that Highlands bears no fault.

The issue of whether the defendant has adequate evidence of fault against Highlands to allow an apportionment of fault instruction to be submitted to the jury may be raised in a motion *in limine,* or for partial summary judgment, or at the jury instruction conference, but it is not appropriate by a motion to strike the non-party at fault designation.  In this regard, I note that the plaintiffs have done exactly that--they filed a Motion for Partial Summary Judgment Re: Defendant Action Care Ambulance's Designation of Highlands Behavioral Health as a Non-Party at Fault [Doc. # 120] arguing that the defendant has not and cannot establish a *prima facie* case of negligence against Highlands.

10

V.

IT IS ORDERED that the Motion to File [Doc. # 154] is GRANTED.

IT IS FURTHER ORDERED that the Renewed Motion to Strike [Doc. # 154-2] is

DENIED.

Dated February 1, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

11