IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 07-cv-02598-PAB-BNB

RONNIE WATKINS, surviving spouse,
MADELINE WATKINS,
LANDON WATKINS, and
MICHAELA WATKINS, surviving minor children,
by and through their father Ronnie Watkins,

    Plaintiffs,

v.

ACTION CARE AMBULANCE, INC., a Colorado corporation,

    Defendant.
_____

# ORDER
_____

This matter is before the Court on plaintiffs' motion to strike defendant's pretrial order language regarding comparative negligence of plaintiff Ronnie Watkins [Docket No. 149].

This case arises out of the death of Mellissa Watkins, who died after jumping from the back of one of defendant's ambulances on July 8, 2007. Plaintiffs have sued the defendant for wrongful death. Defendant answered the complaint, in part, by pleading comparative negligence and assumption of the risk by Mellissa Watkins. During a March 6, 2009 deposition, Diana Foster, an employee of a Highlands Behavioral Health System ("Highlands"), testified that plaintiff Ronnie Watkins was present during a July 2, 2007 intake she conducted with Mellissa Watkins. During the intake, Mellissa Watkins indicated that she had thought about jumping from the car on

the way to Highlands that day. Based upon this testimony, defendant seeks to plead the affirmative defenses of comparative negligence and assumption of the risk by Ronnie Watkins, arguing that he had a responsibility to communicate what he knew regarding her prior statement.

Plaintiffs argue that, because defendant never sought to amend its pleadings, it should not be allowed to do so through inclusion of this new defense theory in the pretrial order, which was entered on September 10, 2009 [Docket No. 126]. However, "'[w]hen an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings' because 'the pretrial order is the controlling document for trial.'" *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002). Consequently, "the inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim." *Id.*

Therefore, the present motion would normally be construed as a motion to amend the pretrial order pursuant to Federal Rule of Civil Procedure 16(e), which provides, in pertinent part, that the "court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e). During the final pretrial conference, however, defendant admitted that the defense rested on a new theory, the factual basis for which was revealed during the March 2009 deposition of Ms. Foster. Furthermore, plaintiffs asserted an objection to the inclusion of the defense during the conference which is reflected in the pretrial order. *See* Docket No. 126 at 15. During the hearing, the magistrate judge stated that he was not in a position to rule on that objection before issuance of the pretrial order and granted plaintiffs leave to file the present motion to strike. Therefore, plaintiffs' motion implicates Federal Rule of

Civil Procedure 15 concerning amended or supplemental pleadings. *See Wilson*, 303 F.3d at 1216 (noting that the attempt to assert a new claim or defense in the pretrial order "is obviously an attempt to amend the pleadings at a rather late date" and therefore must be done with "specificity and clarity").

Plaintiffs do not argue that the newly asserted defense has failed to be presented with "specificity and clarity." *See id.* Furthermore, the defense, while included at a "rather late date," rests on facts that came to light well into discovery and were not clearly available to defendant at the time of its earlier pleadings. Turning to the standards governing "an attempt to amend the pleadings," *Wilson*, 303 F.3d at 1216, Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Tenth Circuit has made clear that the "purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). Thus,

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court sees no "apparent" reason for denying defendant the opportunity to include the affirmative defense. Plaintiffs declare that defendant could have sought amendment of its pleadings prior to the final pretrial conference. Plaintiffs, however, do

3

not identify any basis for the Court to find that defendant acted in "bad faith" or had a "dilatory motive." Plaintiffs also contend that they will be prejudiced by the inclusion of the defense because discovery is now complete. But they have not sought to reopen discovery. Moreover, if additional discovery is requested and found to be justified on that limited issue, there is more than enough time to complete it in a reasonable amount of time before the May 2, 2011 trial.[1]

Finally, plaintiffs' motion contains arguments addressed to the merits of the defense. *See* Docket No. 149 at 6-10. To the extent plaintiffs desire to file additional dispositive motions, *see* Transcript of Final Pretrial Conference [Docket No. 148] at 5, ll. 6-13, they have identified nothing preventing them from requesting leave to do so. *See* Docket No. 126 at 15 (where the magistrate judge included within the pretrial order that "[i]n the event the defendant prevails" over plaintiffs' objection to inclusion of the affirmative defense, "the plaintiffs may seek leave to file additional dispositive motions").

For the foregoing reasons, it is

**ORDERED** that plaintiffs' motion to strike defendant's pretrial order language regarding comparative negligence of plaintiff Ronnie Watkins [Docket No. 149] is DENIED.

---

[1] If the Court were to apply Rule 16(e), the result would remain unchanged. Plaintiffs have not shown that "manifest injustice" will result from the inclusion of the affirmative defense. Indeed, plaintiffs do not even cite Rule 16 and have not filed a reply in response to the authority cited by defendant regarding the application of the Rule.

DATED September 24, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge