IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 07-cv-02598-PAB-BNB

RONNIE WATKINS, surviving spouse,
MADELINE WATKINS,
LANDON WATKINS, and
MICHAELA WATKINS, surviving minor children,
by and through their father Ronnie Watkins,

    Plaintiffs,

v.

ACTION CARE AMBULANCE, INC., a Colorado corporation,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on plaintiffs' motion to strike defendant's pretrial order language regarding negligent discharge by designated non-party [Docket No. 152].

This case arises out of the death of Mellissa Watkins, who died after jumping from the back of one of defendant's ambulances on July 8, 2007. Plaintiffs have sued the defendant for wrongful death. During a March 6, 2009 deposition, Diana Foster, an employee of Highlands Behavioral Health System ("Highlands"), testified that she conducted a July 2, 2007 intake with Mellissa Watkins. Ms. Watkins told Ms. Foster that she had thought about jumping from the car on the way to Highlands that day. Defendant answered the complaint, in part, by designating employees of Highlands as non-parties at fault for failing to communicate Ms. Watkins' statement to the ambulance

personnel. In addition, defendant added a theory of nonparty liability arising from the alleged negligent discharge of Ms. Watkins by Highlands in the final pretrial order.

Plaintiffs argue that, because defendant never sought to amend its pleadings, it should not be allowed to do so through the pretrial order, which was entered on September 10, 2009 [Docket No. 126]. "'When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings' because 'the pretrial order is the controlling document for trial.'" *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002). Consequently, "the inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim." *Id.*

Therefore, to the extent plaintiffs' motion relies on arguments regarding a failure to adequately and timely plead the defense, the motion would normally be construed as a motion to amend the pretrial order. Pursuant to Federal Rule of Civil Procedure 16(e), the "court may modify the order issued after a final pretrial conference only to prevent manifest injustice." During the final pretrial conference, plaintiffs asserted an objection to the inclusion of the negligent discharge theory of nonparty liability which is reflected in the pretrial order. *See* Docket No. 126 at 15. Moreover, during the conference, the magistrate judge granted plaintiffs leave to file the present motion to strike. Therefore, plaintiffs' motion implicates Federal Rule of Civil Procedure 15 concerning amended or supplemental pleadings. *See Wilson*, 303 F.3d at 1216 (noting that the attempt to assert a new claim or defense in the pretrial order "is obviously an attempt to amend the pleadings at a rather late date" and therefore must be done with "specificity and clarity").

Plaintiffs do not argue that defendant has failed to assert the negligent discharge

2

defense with sufficient "specificity and clarity." *See id.* As for the standards governing "an attempt to amend the pleadings," *Wilson*, 303 F.3d at 1216, Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Tenth Circuit has made clear that the "purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). Thus,

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiffs allude to the possibility of bad faith in the reply in support of their motion to strike. *See* Docket No. 174 at 8 ("Once again, Defendant appears to be intentionally misleading the Court."). The Court, however, cannot conclude on the record before it that such possibility warrants striking the language from the pretrial order. Plaintiffs also argue that defendant is guilty of undue delay. While the defendant could have included the theory earlier, the Court finds that, without a showing of undue prejudice, such delay alone does not warrant striking the language from the pretrial order in this case, now set for trial on May 2, 2011.

In regard to prejudice, plaintiffs claim that, because they have already dismissed their claims against Highlands and one of its doctors with prejudice, they are now

3

unable to assert claims arising out of this new theory against these nonparties. The Court does not find that this constitutes a showing of prejudice in light of plaintiffs' argument that the defense must be denied on the merits, undermining any implied contention that they would have been able to assert a similar claim. Plaintiffs also note that discovery has been completed. If additional discovery is requested and found to be justified on this limited issue, there is more than enough time to complete it before trial. In any event, as already noted, plaintiffs' challenge to the defense rests on legal grounds. Plaintiffs do not suggest that any additional facts would change the analysis regarding the merits of the defense.

In short, plaintiffs argue that inclusion of the defense should be denied as futile. The Court concludes that plaintiffs essentially request judgment as a matter of law on the question without having complied with the Court's Practice Standards regarding motions for summary judgment. Indeed, plaintiffs cite the inability to include such substantive arguments in their motion for partial summary judgment [Docket No. 183] as a form of prejudice. The Court, however, can easily remedy that alleged form of prejudice by granting plaintiffs leave to supplement their motion for partial summary judgment. And, to the extent plaintiffs believe defendant included the defense in bad faith to unduly delay the case or to multiply the proceedings, there are remedies for such conduct. *See, e.g.*, Fed. R. Civ. P. 11(b); 28 U.S.C. § 1927. At present, however, the Court will first provide "'the maximum opportunity for each claim to be decided on its merits.'" *Minter*, 451 F.3d at 1204 (quoting *Hardin*, 691 F.2d at 456).[1]

---

[1] If the Court were to apply Rule 16(e), the result would remain unchanged. Plaintiffs have not shown that "manifest injustice" will result from the inclusion of the

4

For the foregoing reasons, it is

**ORDERED** that plaintiffs' motion to strike defendant's pretrial order language regarding negligent discharge by designated non-party [Docket No. 152] is DENIED. Plaintiffs may file a supplement to their motion for partial summary judgment [Docket No. 183] on or before Friday, October 22, 2010, such filing not to exceed ten pages.

DATED September 24, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

affirmative defense.