**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 07-cv-02598-WJM-BNB

RONNIE WATKINS, surviving spouse,
MADELINE WATKINS,
LANDON WATKINS, and
MICHAELA WATKINS, surviving minor children,
by and through their father Ronnie Watkins,

    Plaintiffs,
v.

ACTION CARE AMBULANCE, INC., a Colorado corporation,

    Defendant.

**ORDER GRANTING PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on Plaintiffs' two motions for partial summary judgment.[1] The Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). For the following reasons, the Court grants both motions.

## I. BACKGROUND

This is a wrongful death case against Action Care Ambulance Company (Defendant) arising out of the death of Mellissa Watkins (Mrs. Watkins), wife and mother of Plaintiffs. She was killed after falling out of the back of Defendant's ambulance while being transported to a mental health hospital on July 8, 2007. At the time, Mrs. Watkins was on an involuntary 72-hour mental health hold after attempting suicide the day before. Plaintiffs claim, among other things, that Defendant's ambulance attendants

---

[1] (ECF Nos. 183, 197.)

1

were negligent in failing to adequately supervise Mrs. Watkins.

Mrs. Watkins had been an inpatient at Highlands Behavioral Health System (Highlands), a mental health hospital, from June 20-29, 2007, and an outpatient from July 1-6, 2007. On March 18, 2008, Defendant filed a designation of non-parties at fault.[2] In it, Defendant asserts that "employees and/or agents" of Highlands were negligent because they did not pass on information to Defendant's ambulance attendants regarding a statement made by Mrs. Watkins during a prior admission at Highlands.[3] The at-issue statement was made on June 20, 2007; Mrs. Watkins told a Highlands's staffer that she had wanted to jump out of the car on the way there.[4] Defendant also asserts as an affirmative defense that Plaintiff Ronnie Watkins (Mr. Watkins), the decedent's husband, was comparatively negligent for failing to disclose Mrs. Watkins's statement to Defendant's representatives.

Plaintiffs now move for partial summary judgment on Defendant's designation of Highlands as a non-party at fault and on Defendant's affirmative defense that Mr. Watkins was comparatively negligent.

## II. STANDARD OF REVIEW

Because this is a diversity case, the Court applies Colorado substantive law but federal procedural law. *See Ahrens v. Ford Motor Co.*, 340 F.3d 1142, 1145 (10th Cir. 2003). Under Federal Rule of Civil Procedure 56, summary judgment is warranted

---

[2] (ECF No. 15.)

[3] *(Id.* at 2-3.)

[4] (ECF No. 184-1; Foster Dep. 68:22-24, March 6, 2009, ECF No. 184-9.)

when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A movant who bears the burden at trial must submit evidence to establish the essential elements of its claim or affirmative defense. *In re Ribozyme Pharms., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002). By contrast, if the movant "does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotations omitted). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). Finally, when reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party. *Id.* at 839-40.

### III. DISCUSSION

Because both of Plaintiffs' motions challenge whether Defendant can satisfy a *prima facie* case of negligence—one against Highlands, the other against Mr.

Watkins—the Court addresses the motions jointly.[5]

To establish a *prima facie* case of negligence, Defendant must satisfy the following elements: (1) the existence of a duty, (2) a breach of that duty, (3) injury, and (4) a proximate cause relationship between the breach and the injury. *See Raleigh v. Performance Plumbing and Heating,* 130 P.3d 1011, 1015 (Colo. 2006).

The existence and scope of a legal duty is a question of law for the Court to decide. *See HealthONE v. Rodriguez ex rel. Rodriguez*, 50 P.3d 879, 888 (Colo. 2002).

> In determining whether a duty should be recognized, a court must consider many factors, including: (1) the risk involved, (2) the foreseeability and likelihood of injury as weighed against the social utility of the actor's conduct, (3) the magnitude of the burden guarding against injury or harm, and (4) the consequences of placing the burden upon the actor.

*Id.* (citations omitted). No one factor is controlling and the issue essentially comes down to "fairness under contemporary standards." *Montoya v. Connolly's Towing, Inc.*, 216 P.3d 98, 104 (Colo. App. 2008) (quoting *English v. Griffith*, 99 P.3d 90, 94 (Colo. App. 2004)). In addition, "the law distinguishes between acting and failure to act, that is, misfeasance, which is active misconduct that injures others, and nonfeasance, which is a failure to take positive steps to protect others from harm." *Id.* at 105 (quoting *Smit v. Anderson*, 72 P.3d 369, 372 (Colo. App. 2002)). "[I]n nonfeasance cases, the [party asserting negligence] has the added burden of establishing that a special relationship exists between the parties such that social policy justifies the imposition of a duty to

---

[5] Plaintiffs present a second argument in their motion regarding Highlands. They argue that Defendant's designation of Highlands should be dismissed because Defendant failed to file a Certificate of Review that complied with Colorado law. (Pls.' Mot. for Partial Summ. J. 8-10, ECF No. 183). Because the Court disposes of the motion on other grounds, the Court does not address this argument.

act." *Id.*

After considering the evidence in light of these considerations, the Court concludes that Defendant cannot establish a *prima facie* case of negligence sufficient to designate Highlands as a non-party at fault, or to go forward on Defendant's affirmative defense that Mr. Watkins was comparatively negligent.

**A.    Highlands**

Defendant argues that Highlands had a duty to document Mrs. Watkins's verbally-expressed intent to commit suicide by jumping from a moving vehicle and to inform both her husband and subsequent health care providers of Mrs. Watkins's statement.[6]

The Court disagrees. At the outset, the Court observes that the basis for Highlands's purported responsibility is unclear. Under Colorado law, Highlands, as a hospital, cannot be held responsible for the professional negligence of its physicians. *See Hall v. Frankel*, 190 P.3d 852, 861 (Colo. App. 2008) (a hospital or health center "may not be held vicariously liable for the negligence of their employed or contracted physicians because, as a matter of law, they are unable to control the medical practice of those physicians."). Accordingly, Defendant's theory must be one (or both) of the following: either Highlands is at fault for its own negligence, or it is at fault for the negligence of its non-physician employees. Defendant oscillates between the two. In its designation of non-parties at fault, Defendant makes no mention of Highlands being itself negligent. In it, Defendant asserts Highlands is at fault because of the negligence

---

[6](*See* Def.'s Resp to Pls' Mot. for Partial Summ. J. 1-2, 15, ECF. No. 184.)

5

of its "[e]mployees and/or agents[.]"[7]  But later, in its response to Plaintiffs' motion,[8] Defendant states that it is "asserting negligence on the part of Highlands, in its role as a hospital, and not against individual professionals."[9]

In any event, both theories fail as a matter of law.  Regardless of who may have had the duty to document and inform, the factors outlined above, on balance, counsel against imposition of such a duty.  The first factor, the risk involved, favors imposition of a duty.  The risk involved was the prospect of Mrs. Watkins committing suicide.  The other factors, however, weigh against imposition of duty.

The second factor—the foreseeability and likelihood of injury as weighed against the social utility of the actor's conduct—weighs against imposition of a duty to document and inform.  It was foreseeable that Mrs. Watkins would later enter a moving vehicle.  It was not foreseeable that she would attempt suicide by jumping out of a moving ambulance 18 days after she made the at-issue statement.

Factors three and four also counsel against imposition of this duty—the magnitude of the burden guarding against injury and the consequences of placing the

---

[7](Def.'s Designation of Non-Parties at Fault. 2, ECF No. 15.)

[8](*See* Def.'s Resp to Pls' Mot. for Partial Summ. J. 11-12, ECF. No. 184.)

[9]Defendant, in this vein, asserts that "Colorado law historically has recognized an exception to [the corporate practice of medicine] doctrine when a hospital has committed independent acts of negligence."  (Def.'s Resp to Pls' Mot. for Partial Summ. J. 16, ECF. No. 184.)  Indeed, as stated by the court in *Camacho v. Mennonite Bd. of Missions*, "[a]lthough a doctor's negligence is not generally imputable to the hospital, we agree with plaintiffs that the hospital itself may be liable for its negligence to supervise adequately and review the performance of the members of its medical staff."  703 P.2d 598, 600 (Colo. App. 1985).  Defendant, however, does not advance a theory of negligence that would qualify as an exception to the corporate practice of medicine doctrine.  It does not, for example, allege that Highlands failed to adequately supervise its staff.

burden upon the actor. It is undisputed that Dr. Braud's discharge summary was not dictated until July 31, 2007. Thus, it did not yet exist when Mrs. Watkins was admitted to the emergency room on July 7, 2007. Nor did it exist during the fatal ambulance ride the following day.[10] Defendant thus contemplates imposing a duty upon Highlands which, under these facts, would have been impossible to satisfy—at least with regard to informing Defendant of Mrs. Watkins's statement. The Court will not impose such a duty. Accordingly, the Court finds, as a matter of law, that Highlands did not have a duty to inform subsequent healthcare providers of Mrs. Watkins's June 20th statement.

The question whether Highlands had a duty to inform Mr. Watkins of Mrs. Watkins's statement is closer. The Court need not answer it. Even if the Court were inclined to impose a duty upon Highlands to inform Mr. Watkins of Mrs. Watkins's statement, the Court would still grant summary judgment on that issue. The Court finds that no genuine dispute of material fact exists on the element of causation, *i.e.*, that Highlands' purported failure to inform Mr. Watkins of Mrs. Watkins's June 20th statement proximately caused Mrs. Watkins's death on July 8th. The passage of so much time between Highlands's purported failure to act and Mrs. Watkins's death severs the chain of causation. *See Lyons v. Nasby*, 770 P.2d 1250, 1257 (Colo. 1989) (acknowledging that the chain of causation in some cases may be so attenuated that no proximate cause exists as a matter of law). Accordingly, summary judgment on that question is proper.

---

[10](Discharge Summary, ECF No. 183-10.)

**B.    Mr. Watkins**

Defendant also argues Mr. Watkins breached a comparable duty in this case. Assuming Mr. Watkins was aware of Mrs. Watkins's statement, Defendant asserts that Mr. Watkins had a duty to warn Defendant's drivers of Mrs. Watkins's specific suicidal ideation of jumping from a moving vehicle.[11]

Again, the Court disagrees.  It is true, as Defendant posits, that certain special relationships give rise to certain duties.  Hospitals, for example, have a duty to use reasonable care to safeguard patients submitted to their charge.  *Silverstein v. Sisters of Charity of Leavenworth Health Services*, 614 P.2d 891, 897 (Colo. App. 1979) (citation omitted).  And police officers have a duty to control an individual who is in custody and to prevent him from harming others.  *Leake v. Cain*, 720 P.2d 152, 161 (Colo. 1986) (citation omitted).  However,

> In Colorado, absent a special relationship, a person generally has no duty to take action for the protection of another even if it is reasonably apparent that such action is necessary to protect the other person from injury or peril.  Special relationships typically involve circumstances in which the defendant either had a treating or supervisory relationship with the decedent or maintained custodial control over the decedent's environment.

*English v. Griffith*, 99 P.3d 90, 94 (Colo. App. 2004) (internal citations omitted).

Defendant cites no authority suggesting that a marriage qualifies as a "special relationship" in this context, *i.e.*, that a husband has (or should have) a duty to inform healthcare providers of a statement his wife made 18 days earlier.[12]  Moreover, the

---

[11](Def.'s Resp to Pls' Mot. for Partial Summ. J. 5-9, ECF. No. 202.)

[12] (Def.'s Resp to Pls' Mot. for Partial Summ. J. 5-9, ECF. No. 202.)

factors outlined above also counsel against imposition of such a duty, in particular, the consequences of placing that burden upon the actor.  Absent authority to the contrary, this Court will not endorse a policy which endeavors to hold a husband accountable for failing to reveal to third parties a statement his wife made almost three weeks earlier. Assuming that duty attached when the statement was made, as Defendant asserts, at what point would the duty expire?  Four weeks later?  Five weeks?  Even if the Court were inclined to impose such a duty in this context, the temporal scope of that duty would not extend as far as Defendant would have it.

Accordingly, the Court finds, as a matter of law, that Mr. Watkins had no duty to convey his wife's June 20th statement to Defendant's drivers.

## IV.  CONCLUSION

For these reasons, the Court GRANTS Plaintiffs' motions for partial summary judgment (ECF Nos. 183, 197) in their entirety.

Dated this 23rd day of March, 2011.

BY THE COURT:

United States District Judge