IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

_____

Courtroom Deputy: Deborah Hansen          Date:  September 8, 2011
Court Reporter:     Kara Spitler

_____

Civil Action No.  07-cv-02598-WJM-BNB          Counsel:

RONNIE Watkins, Surviving Spouse,          Neil A. Hillyard
MADELINE WATKINS,          Penelope L. Clor
LANDON WATKINS, and          George Djordjevic
MICHAELA WATKINS, Surviving Minor
Children, By and through their father
RONNIE WATKINS,

         Plaintiffs,

v.

ACTION CARE AMBULANCE, INC., a          Richard A. Waltz
Colorado Corporation,          Carolyn A. Gyermek

         Defendant.

_____

COURTROOM MINUTES
_____

TRIAL PREPARATION CONFERENCE

02:03 p.m.    Court in Session

Appearances

Court's comments

Trial is set in this matter Monday, September 19, 2011.

The Court addresses deposition designations

**ORDERED:  1)     On or before Wednesday, September 14, 2011, counsel shall
                   submit  hard copies of deposition designations, with Plaintiffs'**

**designations highlighted in yellow, and Defendant's designations highlighted in blue.  Any objections by either party to the designations shall be highlighted in red, with a notation as to the basis for the objection.**

The Court addresses voir dire questions

The Court will inform counsel Monday, September 19, before the prospective jurors are brought in, which, if any, proposed voir dire questions counsel will not be permitted to ask.  The Court will also advise counsel how much time will be allowed for attorney voir dire questioning.

The Court addresses Verdict Forms and Jury Instructions

**ORDERED   2)   The Defendant has until the close of business tomorrow, Friday, September 9, 2011, to submit a proposed verdict form or forms by ECF filing and e-mailing to chambers.**

Mr. Hillyard's comments re stock jury instruction 9:26

Mr. Waltz' response

**ORDERED   3)   The Plaintiffs have until the close of business tomorrow to submit jury instruction 9:26 via CM/ECF, with a notation that it is a stipulated jury instruction as to which leave to file has been granted by the Court.**

Ms. Clor's comments

Plaintiffs are withdrawing disputed jury instruction 9:25.

**ORDERED:  4)   Plaintiffs' disputed jury instruction 9:25 has been withdrawn.**

Court's comments

**ORDERED:  5)   No trial briefs shall be submitted.**

Court's comments

Mr. Hillyard's comments

The party representative at Plaintiffs' table will be Roy Watkins.

Mr. Waltz' comments

2

The party representative at Defendant's table will be Alan Powers, the owner of Action Care Ambulance.

Discussion re testimony by two of the Plaintiffs.

**ORDERED:  6)     Mr. Hillyard will call chambers by the middle of next week and advise the Court of his decision regarding whether and if so for what period of time the minor Plaintiffs will be seated at counsel table during trial.**

Mr. Djordjevic's comments re demonstrative exhibits

The Court will allow demonstrative exhibits that are not in evidence, that illustrate or summarize a point, in the form of boards or charts, for opening or closing arguments.

Mr. Waltz' comments re plaintiffs' withdrawn Exhibit Nos. 70, 73, 75, 84, 87, 89

**ORDERED:  7)     Defendant is granted leave to file an amended final exhibit list on or before Tuesday, September 13, 2011, to include Exhibit Nos. 70, 73, 75, 84, 87, 89 as Defendant's exhibits, and labeled as such.**

**ORDERED   8)     The testimony of Heath Jolliff, M.D., via video conference, shall start at 8:45 a.m. Mountain time.**

Mr. Waltz' comments concerning two incidents in Colorado in the last two years that involve issues bearing on this case

Mr. Hillyard's comments

**ORDERED   9)     With respect to the two incidents Mr. Waltz has raised, Mr. Waltz shall request to approach the bench before any questions are propounded concerning the incidents.**

Court's comments re trial schedule

Counsel must be present at 8:00 a.m. on the first day of trial, to deal with last-minute matters prior to bringing in the prospective jury panel.  The jurors will be brought up from the jury assembly room at 8:45. Voir dire will start at that point.  On subsequent days counsel shall be present at 8:30 a.m. to deal with any matters that need to be addressed before we bring the jury back into the courtroom at 8:45 a.m.  Testimony will start 8:45 a.m. sharp on days two through eight.

The Court addresses pending motions

**ORDERED:  10)**  **Plaintiffs' Motion in Limine [242] is GRANTED IN PART AND DENIED IN PART as follows:**

**Because the Court has previously ruled that there was no duty to communicate Mrs. Watkins' statements regarding wanting to jump from a moving vehicle, the Court finds that the June 3, 2007 and June 20, 2007 statements should not be admitted into evidence.  The Court finds that these statements are not relevant to the issues in this case within the meaning of Federal Rule of Evidence 401 and should therefore be excluded on the basis of Federal Rule of Evidence 403.**

**Therefore, Plaintiffs' Motion in Limine requesting that Mrs. Watkins' June 3, 2007 and June 20, 2007 statements, and evidence of those statements be excluded from the trial in this case is GRANTED;**

**The Court finds that evidence regarding the standard of care of Melissa Watkins at Parker Adventist Hospital, whether she should have been transported by the sheriff, and the regulatory and statutory guidelines governing the care of mentally ill individuals at medical facilities are not relevant to the issues in this case within the meaning of Federal Rule of Evidence 401 and should therefore be excluded on the basis of Federal Rule of Evidence  403.  Therefore,**

**Plaintiffs' Motion in Limine requesting that testimony be precluded regarding the standard of care of Mrs. Watkins at Parker Adventist Hospital is GRANTED;**

**Plaintiffs' Motion in Limine requesting that testimony be precluded concerning whether a sheriff should have been called to transport the Decedent is GRANTED; and**

**Plaintiffs' Motion in Limine requesting that Defendant's exhibits A5, A8, A9, A10, and A11 be precluded from admission into evidence is GRANTED;**

**With respect to Plaintiffs' Motion in Limine requesting exclusion of testimony and evidence regarding the use or the failure to use restraints on the Decedent during her final ambulance transport which is at issue here, the Court finds that such evidence is relevant to the issues in this case within the meaning of Federal Rule of Evidence 401, and is therefore**

**admissible within the meaning of Federal Rule of Evidence 402.**

**Therefore, Plaintiffs' Motion In Limine as it pertains to evidence of the use or failure to use restraints is DENIED; and**

**On the matter of the exclusion of the evidence regarding the recent remarriage of Plaintiff Roy Watkins, the parties shall file contemporaneous  briefs no more than five pages in length, excluding signature block and certificate of service, regarding the admissibility of the subsequent marriage as it pertains to the calculation of damages, on or before Tuesday, September 13, 2011.  No response briefs will be permitted.**

ORDERED:  11)    **Defendant's Motion in Limine [Doc No. 243] is GRANTED. All parties are prohibited from referring to any party or witness by first name, nickname, or any other name of familiarity at trial;**

**All parties are precluded from mentioning any liability insurance held by Action Care Ambulance, Inc.; and**

**All parties are precluded from mentioning any efforts related to settlement or compromise between Action Care Ambulance, Inc. and any of the Plaintiffs in this matter.**

ORDERED:  12)    **On or before September 13, 2011 Plaintiffs shall designate or notify the Defendant as to those exhibits which they believe now, given the Court's ruling on the motion in limine, inappropriately reference either the June 3 or June 20, 2007 statements.  The defendant shall redact any reference to those statements in any final exhibit notebook.**

02:53 p.m.    Court in Recess
Hearing concluded
Time: \50

5