## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Civil Case No. 07-cv-02598-WJM-BNB

RONNIE WATKINS, surviving spouse,
MADELINE WATKINS,
LANDON WATKINS, and
MICHAELA WATKINS, surviving minor children,
by and through their father Ronnie Watkins,

    Plaintiffs,

v.

ACTION CARE AMBULANCE, INC., a Colorado corporation,

    Defendant.

---

### ORDER ON PLAINTIFFS' MOTION IN LIMINE RE: EVIDENCE OF RONNIE WATKINS'S REMARRIAGE

---

THIS MATTER comes before the Court on Plaintiffs' Motion in Limine. (ECF No. 242.) On September 8, 2011, the Court held argument on the Motion and ruled on most of the issues raised therein. (ECF No. 276.) With respect to Plaintiffs' motion to exclude evidence of Ronnie Watkins's subsequent remarriage, the Court ordered the parties to submit supplemental briefing. The parties have complied with that order and the issue of whether evidence of Ronnie Watkins's remarriage should be permitted is currently before the Court.

Under Colorado law, damages in a wrongful death case are judged at the time of death, not the time of trial. *Barnhill v. Public Service Co. of Colorado*, 649 P.2d 716, 720 (Colo. App. 1982). Because of this, evidence of a surviving spouse's remarriage is irrelevant and should be excluded. *Swartwood v. Burlington Northern, Inc.*, 669 P.2d

1051, 1052 (Colo. App. 1983). Therefore, Plaintiffs' Motion in Limine is GRANTED to the extent it seeks to exclude evidence related to Mr. Watkins's remarriage.

In its supplemental briefing, Defendant argues that Plaintiffs' evidence on economic damages, including the decedent's future earnings, contribution to household activities, and health of the marriage, is so speculative that it should be excluded. The Court notes that this is the first time Defendant is raising this issue. The undersigned's Practice Standards require that all motions in limine be filed at least 21 days before the Final Trial Preparation Conference. WJM Revised Practice Standards III.D.3. The Final Trial Preparation Conference in this case was held on September 8, 2011. Accordingly, Defendant's request to exclude evidence is clearly untimely.

Moreover, even if a timely motion had been filed, the Court views the arguments raised in Defendant's briefing as more appropriate for cross-examination than as an independent basis to exclude such evidence. Defendant is free to question Mr. Watkins, Plaintiffs' expert on economic damages, and other relevant witnesses about the decedent's work history and her contribution to activities around the house. The Court finds that this evidence is not so speculative that it should be excluded altogether.

Dated this 14th day of September, 2011.

BY THE COURT:

William J. Martinez
United States District Judge